JEFFERSON TRUST COMPANY, RESPONDENT, v. GEORGE GINSBERG AND SAMUEL FEINSTEIN, APPELLANTS.

JEFFERSON TRUST COMPANY, RESPONDENT, v. GEORGE GINSBERG, APPELLANT.

Submitted May 4, 1937—Decided August 9, 1937.

Before BROGAN, CHIEF JUSTICE, and Justice PARKER.

For the appellants, *Joseph Moritz.*

For the respondent, *Richard Doherty.*

The opinion of the court was delivered by

PARKER, J.  The two cases were tried together by consent, but differ somewhat in detail.  In each case the trial judge directed a verdict for plaintiff.  Both cases are submitted on printed briefs.

The first suit is on a promissory note made by defendant Ginsberg to his own order and endorsed by him and by the other defendant, Feinstein.  Questions of presentment, protest and notice were expressly waived.  For Ginsberg the substantial defense pleaded was that plaintiff was not the holder of the note because the commissioner of banking and insurance had taken charge.  But the suit was in the name of the trust company, though prosecuted by the commissioner.

*Pamph. L.* 1913, *p.* 282 (at foot of *p.* 283). See *Roseville Trust Co.* v. *Barney,* 89 *N. J. L.* 550. The same defense was pleaded by Feinstein, whose principal defense, however, rested on a claim of set-off of a balance of $325 or some such sum in his checking account with the trust company, coupled with the allegation that Ginsberg, the maker, was "financially unable to pay the note." The court overruled this defense and error is claimed in that (1) an absolute right of set-off is created by the statute of set-off (*Comp. Stat., p.* 4836); (2) that in any event the burden is on the plaintiff to show that the maker was solvent; (3) if the burden be otherwise there was competent evidence for defendant to show that the maker was insolvent.

The question here is not as to the right of set-off by the maker of a note held by a bank, of his deposit account in that bank, as in *Roseville Trust Co.* v. *Barney, supra,* but is as to the set-off of a deposit account against the depositor's endorsement of a note made by a third party. The case of *Lewis* v. *Potter,* 11 *N. J. Mis. R.* 145, decided by Judge Lyon in the Middlesex Pleas, evidently after a careful study and comparison of the authorities, is precisely in point. While burden of proof of insolvency is not discussed therein, the necessary inference from the reasoning, is that insolvency must be shown or admitted. We need not pass on the point at this time because, assuming for present purposes that the burden was on Feinstein, he was prevented by adverse rulings from showing insolvency of Ginsberg. He claimed personal familiarity with Ginsberg's affairs for twenty years, but was not allowed to testify as to his solvency or otherwise. He testified that Ginsberg "borrowed on everything that he could pledge until he could go no further;" but this was struck out. There was no exception to that particular ruling, but without this piece of evidence there was enough, in our estimation, to make a case for the jury as to the solvency of Ginsberg. On this phase of the case there must be a reversal and a new trial in respect of damages (rules 132, 147) or plaintiff, at its option, may credit the amount of the counter-claim (as regards Feinstein only) and the judgment as so reduced

will be affirmed. *Frank J. Bloom Co.* v. *Kuemmerle Corp.,* 104 *N. J. L.* 549.

The next point made in the brief relates to both cases, and it is therefore necessary to say a word about the issues in the second case, which was against Ginsberg alone, based on two notes, the first a collateral note in the usual lengthy form, claiming an unpaid balance of $5,885.57, with interest; the second, an ordinary promissory note of $5,570 reduced to $5,520, with interest. The defense at the trial was, as before, that plaintiff was not the holder, which is covered by what has already been said; and also that a mortgage on property in Suffolk county, New York, assigned to plaintiff as collateral, should have been foreclosed as a condition precedent to suit on the collateral note. This was properly overruled by the court and is not now urged. The error now claimed is that a former officer of the plaintiff trust company was allowed to testify to certain matters appearing on the books and now challenged as hearsay. As to this, it is sufficient to say that with one exception, presently to be noted, the ground of appeal is based on a motion to strike out all of the testimony of the witness. Some of it was indubitably competent and on well settled rules of procedure, a general motion of this kind cannot prevail unless all the testimony is incompetent. The other matter relates to some memorandum on the back of the second note which in no way affected its competency as evidence.

We find no error in the second case, properly brought up, and the judgment in that case will be affirmed.